IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

LOUISE EDWARDS-PAIR

    Plaintiff,

v.                                                Civil Action No: _____

WAL-MART STORES EAST, LP, d/b/a
WAL-MART SUPERCENTER
Serve: CT Corporation System, R/A
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060

    Defendants.

## COMPLAINT

Plaintiff, by counsel, hereby moves this Court for judgment and execution against the Defendant, for the following:

1.     The Plaintiff is, and at all relevant times has been, a resident of the State of Virginia; specifically, she resides in the Eastern District of Virginia.

2.     Defendant, Wal-Mart Stores, East, LP, d/b/a Wal-Mart Supercenter, is, and at all relevant times has been, a Corporation organized and existing outside of the State of Virginia, with its principal place of business outside the State of Virginia, but transacts considerable business within the Eastern District of Virginia and, specifically, in Hampton.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C., Section 1332, in that the parties in this case are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C., Section 1391(d) in that the Defendant is deemed to reside in this district.

5. This cause of action arose on February 24, 2021.

6. This cause of action arose at the Wal-Mart store located at 1900 Cunningham Drive, Hampton, Virginia 23666.

7. On information and belief, at the time of the accident, the location where the Plaintiff was injured was under the control of the Defendant Wal-Mart.

8. At all times, the Plaintiff was an invitee on the property.

9. At all relevant times, as an invitee, the Plaintiff had a right to assume that the premises on which she was walking were reasonably safe for her visit.

10. At all relevant times, the Plaintiff was comporting herself in a safe, prudent and non-negligent manner, well within the invitation extended to her by the employees of the Defendants.

11. At all relevant times, the employees of the Defendant, individually or jointly, owed a duty to the Plaintiff to warn her of any unsafe conditions of which the employees of the Defendants knew or, by the use of ordinary care, should have known.

12. At all relevant times, the employees of the Defendant had an obligation not to create an unsafe condition.

13. On February 24, 2021, the Plaintiff exited her car and immediately fell in a hole located on the corner of the handicapped parking space.

14. The hole had been in the parking lot for a very longtime and certainly long enough to have been seen by the Defendant's employees.

15. There were no warnings of the danger, there was no effort to protect the Plaintiff from the danger, and there was no effort to alleviate the danger prior to the Plaintiff's fall.

16. The Defendant breached its duty and obligation to the Plaintiff, in that the parking lot where the Plaintiff was walking was dangerous. The dangerous condition was known to, or should have been known to, the Defendant's employees, and there was no warning or effort to alleviate the danger prior to the Plaintiff's fall.

17. As the Plaintiff was walking through the parking lot, she fell into the hole, and suffered significant injuries, all of which were a direct consequence of the negligence of the employees of the Defendant.

18.   As a direct result of the negligence of the Defendant's employees as set out above, and the Plaintiff's fall, the Plaintiff has suffered serious and permanent injuries, has been unable to carry on her normal day-to-day affairs, has suffered and will continue to suffer great pain and mental anguish, and has incurred and will continue to incur significant medical bills in an effort to cure her of her injuries.

WHEREFORE, the Plaintiff prays for judgment and execution against the Defendants, in the amount of TWO MILLION, SIX HUNDRED FORTY SEVEN THOUSAND EIGHT HUNDRED TWENTY-SIX AND 73/100ths DOLLARS ($2,647,826.73) plus pre and post-judgment interest, plus all of her costs in this matter.

The Plaintiff requests a trial by jury.

**LOUISE EDWARDS-PAIR**

By_____
Of Counsel

Robert J. Haddad, Esquire
VSB# 22298
RULOFF, SWAIN, HADDAD, MORECOCK,
TALBERT & WOODWARD, P.C.
317 30TH Street
Virginia Beach, VA 23451
Phone: 757-671-6000
Fax 757-671-6004